UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYWANA PITTMAN, TA TANISHA
SMITH, and RESHONDA ATKINS,

        Plaintiffs,

                              Case No.  1:14-CV-28

v.

                              HON. ROBERT HOLMES BELL

SPECTRUM HEALTH SYSTEM,

        Defendant.
                                       /

# **O P I N I O N**

This race discrimination action is before the Court on Defendant's motion for judgment on the pleadings.  (ECF No. 9.)  For the reasons that follow, the motion will be granted.

**I.**

Plaintiffs Tywana Pittman, TaTanisha Smith, and Reshonda Atkins are African American employees of Defendant Spectrum Health System.  Plaintiffs Pittman and Atkins are certified nursing assistants and Plaintiff Smith is a home health aide.  (Am. Compl. ¶¶ 7-9, ECF No. 5.)  Plaintiffs worked in Neuro Rehabilitation Services doing home care.  (*Id.* at ¶ 11.)  Plaintiffs were assigned to provide care to a Caucasian male who suffered from brain injuries.  In March of 2012 Plaintiffs were advised by their manager that they were being removed from this patient's care because the patient's guardian had requested that no African

American employees work with this Caucasian patient any more. (*Id.* at ¶¶ 17, 18.) Defendant continues to exclude African American employees from caring for this patient. (*Id.* at ¶ 21.)

Plaintiffs filed this action on January 9, 2014, alleging race discrimination under 42 U.S.C. § 1981, the Michigan Elliott-Larsen Civil Rights Act, and 42 U.S.C. § 2000d , and intentional infliction of emotional distress. Defendant has moved for judgment on the pleadings based upon its contention that Plaintiffs' claims are untimely under their 180-day contractual period of limitations and that Plaintiffs have failed to state a claim for a private cause of action under TitleVI.

## II.

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (quoting *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)). Motions for judgment on the pleadings pursuant to Rule 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Accordingly, the Court must construe the complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states

2

a plausible claim for relief. *Id.* The court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).

## A. Timeliness

Defendant moves for judgment on the pleadings because Plaintiffs did not bring their claims within their contractual limitations period. As a condition of their continued employment, each of the plaintiffs signed an acknowledgment that any lawsuit against Defendant arising out of their employment had to be filed within 180 days of the events giving rise to the claim.[1] Plaintiffs' complaint was not filed within 180-days of the date Defendant advised them that they were no longer assigned to care for the Caucasian patient.

Contracting parties may agree to an abbreviated statute of limitations so long as it is reasonable. *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357 (6th Cir. 2004). The Sixth

---

[1]The Annual Staff Acknowledgements signed by each of the plaintiffs provides:

**CLAIMS**
As a condition of continued employment, and in consideration for my eligibility for an annual wage increase, I agree that any lawsuit against Spectrum Health and/or its agents or affiliates arising out of my employment or termination of employment, including but not limited to claims arising under state or federal civil rights statutes, must be brought within the following time limits or be forever barred: (a) for lawsuits requiring a Notice of Right to Sue from the EEOC, within 90 days after the EEOC issues that Notice; or (b) for all other lawsuits, within (i) 180 days of the event(s) giving rise to the claim, or (ii) the time limit specified by statute, whichever is shorter. I waive any statute of limitations that exceeds this time limit.

(Annual Staff Acknowledgements, Def. Answ., Ex. A, ECF No. 6.)

Circuit has upheld six-month limitations periods as reasonable. *Id*. Plaintiffs do not dispute that they signed the acknowledgements, nor do they dispute the reasonableness of the 180-day contractual limitations period. Plaintiffs contend, however, that their federal claims are timely because they have alleged a continuing violation.[2]

The Sixth Circuit recognizes two "narrowly limited" exceptions of continuing violations that toll the running of a statute of limitations. *Anderson v. City of Bristol, Tenn.*, 6 F.3d 1168, 1175 (6th Cir. 1993) (quoting *E.E.O.C. v. Penton Indus. Pub. Co., Inc.*, 851 F.2d 835, 838 (6th Cir. 1988)). They are: (1) those alleging "serial violations," and (2) those "identified with a longstanding and demonstrable policy of discrimination." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003).

> The first category arises where there is some evidence of present discriminatory activity giving rise to a claim of continuing violation such as where an employer continues to presently imposes [sic] disparate work assignments or gives unequal pay for equal work. . . . The second category of continuing violation arises where there has occurred a long-standing and demonstrable policy of discrimination. This requires a showing by a preponderance of the evidence that some form of intentional discrimination against the class of which plaintiff was a member was the company's standing operating procedure.

*Id.* at 266-67 (quoting *Burzynski v. Cohen*, 264 F.3d 611, 618 (6th Cir. 2001)).

Plaintiffs contend that their claims are timely under the second category of the

---

[2] Plaintiffs acknowledge that their state law claims cannot be tolled by the continuing violation doctrine. Plaintiffs accordingly concede that their state law claims are not timely and stipulate to the dismissal of their state law claims. (Pls. Resp. 1, n.1 ECF 12.)

continuing violation doctrine because Defendant engaged and continues to engage in intentional discrimination against a class of employees which is an ongoing discriminatory policy of Defendant.

For purposes of establishing a "longstanding and demonstrable policy of discrimination" under the second category, the plaintiff "must demonstrate something more than the existence of discriminatory treatment in his or her case." *Sharpe*, 319 F.3d at 268 (6th Cir. 2003) (quoting *Haithcock v. Frank*, 958 F.2d 671, 679 (6th Cir. 1992)). The second category requires evidence of "'some form of intentional discrimination against the class of which plaintiff was a member was the company's standing operating procedure.'" *Sharpe*, 319 F.3d at 269 (quoting *EEOC v. Penton Indus. Publ'g Co.*, 851 F.2d 835, 838 (6th Cir.1988)); *see Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 408-09 (6th Cir. 1999) (finding a "longstanding and demonstrable policy" based on union rule memorialized in its constitution and bylaws); *Haithcock*, 958 F.2d at 679 (citing a discriminatory policy appearing in a statute or an affirmative action plan as examples of "longstanding and demonstrable" policies of discrimination); *Penton Indus.*, 851 F.2d at 838 (citing an established and repeated pattern of paying men more than women as an example of a "longstanding and demonstrable" policy of discrimination). "Unrelated incidents of discrimination will not suffice to invoke this exception; rather there must be a continuing 'over-arching policy of discrimination.'" *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1106 (6th Cir. 1995) (quoting *Dixon v. Anderson*, 928 F.2d 212, 217 (6th

Cir.1991)). "Generally this exception is strictly construed and is satisfied only where the defendant has a known policy or rule supporting discrimination." *Austion v. City of Clarksville*, 244 F. App'x 639, 647 (6th Cir. 2007). Simply alleging discrete acts does not establish a continuing violation. *Burzynski*, 264 F.3d at 618.

Plaintiffs' reassignments were discrete acts outside the statute of limitations. The reassignments concerned a single patient under specific circumstances. Plaintiffs have alleged no facts regarding any other race-based reassignments or the existence of a Spectrum Health policy to discriminate against African American employees in regard to patient assignments. In the absence of any facts showing a history or policy of race discrimination, Plaintiffs have, at best, alleged an isolated and discrete incident of purported discrimination in their own situation. Plaintiffs have not alleged a a "longstanding and demonstrable policy of discrimination" that would support the application of the continuing violation doctrine.

Moreover, even if there were an "over-arching policy of discrimination," that would not be sufficient to toll the running of the statute of limitations. *Blevins v. Gen. Elec. Co.*, 995 F.2d 1066 (6th Cir. 1993). In order for the second category of a continuing violation to apply, "there must be a specific allegedly discriminatory act against the plaintiff within the relevant limitations period measured back from the time of the complaint." *Dixon v. Anderson*, 928 F.2d 212, 217 (6th Cir. 1991) (citing *Roberts v. N. Am. Rockwell Corp.*, 650 F.2d 823, 827 (6th Cir.1981)). Plaintiffs contend that they have met this requirement because Defendant continues to exclude African American employees from being assigned to the

6

patient's care. (Am. Compl. ¶ 21.) However, "[i]n order to allege a continuing violation with regard to employment decisions, a court is to look at what event 'should have alerted the average lay person to protect his rights.'" *Dixon*, 928 F.2d at 218 (quoting *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989)). Here, the event that should have alerted Plaintiffs to protect their rights was their reassignment from the particular Caucasian patient's care. The facts pled by Plaintiffs establish that this occurred in March 2012 and that they no longer provided care for that patient after that time. Because Plaintiffs' reassignments were discrete and potentially actionable events at the time they took place in March 2012, Plaintiffs' claims based on reassignment are time-barred. Plaintiffs have not alleged that subsequent to March 2012 they have been removed from caring for other Caucasian patients or prevented from caring for other Caucasian patients. Plaintiffs do not allege facts about any other race-based reassignments or non-assignments within the limitations period.

Because Plaintiffs have not demonstrated a long-standing and demonstrable policy of discrimination and because they have not alleged a discriminatory act against them within the relevant limitations period, their claim is barred by the applicable limitations period. Defendant's motion for judgment on the pleadings will accordingly be granted.

**B. Title VI**

In addition, Defendant is independently entitled to judgment on Count IV of Plaintiffs' complaint because Plaintiffs have failed to state a claim for a private cause of

action under Title VI of the Civil rights Act of 1964, 42 U.S.C. § 2000d, *et seq*.

Title VI prohibits discrimination on the basis of race, color, or national origin in any program or activity receiving federal financial assistance. 42 U.S.C. § 2000d. However, under § 604 of Title VI, 42 U.S.C. § 2000d-3, covered entities can only be sued for employment discrimination "where a primary objective of the Federal financial assistance [to that program or activity] is to provide employment." *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531 (10th Cir. 1995) (quoting 42 U.S.C. § 2000d-3; *see also Johnson v. Transportation Agency, Santa Clara County, Cal.*, 480 U.S. 616, 627 n. 6 (1987) (noting that the purpose of § 604 was to insure that Title VI did not impinge on Title VII); *Mayers v. Campbell*, 87 F. App'x 467, 471 (6th Cir. 2003) ("Title VI, 42 U.S.C. § 2000d-3 provides a remedy for employment discrimination where federal aid has the primary objective of providing employment, or the discrimination is against the primary beneficiaries of federal aid."). Accordingly, "a Title VI claim cannot be sustained where a plaintiff fails to allege that the defendant entity in question receives federal funding for the purpose of providing employment." *Thompson v. Blount Mem'l Hosp., Inc.*, 3:06-CV-228, 2007 WL 1041310, at *2 (E.D. Tenn. Apr. 3, 2007).

Plaintiffs have not responded to Defendant's argument regarding Section 604 of Title VI. Instead, Plaintiffs cite *Ross v. Michigan State University*, 837 F. Supp. 2d 712 (W.D. Mich. 2011) (Neff, J.), in support of the proposition that all they need to allege to state a claim under Title VI is receipt of federal financial assistance and intentional discrimination.

Plaintiffs' reliance on *Ross* is misplaced because the analysis in *Ross* was limited to the issue of whether the allegations were sufficient to allege intentional discrimination. *Id.* at 716. It did not address the allegations necessary to establish the receipt of federal financial assistance. Moreover, the plaintiff in *Ross* was employed by an educational institution. Because Plaintiffs have not alleged that Defendant receives federal funding for the purpose of providing employment, Plaintiffs have failed to allege a claim under Title VI.

For the reasons stated herein, Defendants' motion for judgment on the pleadings will be granted.

An order and judgment consistent with this opinion will be entered.


Dated: August 1, 2014                           /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE